UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIANNE JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>　　　　Defendant. | Civil Action No. 23-cv-2391 (TSC) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Julianne Jones sued the Federal Election Commission ("FEC") in the Superior Court of the District of Columbia, and the FEC removed this action on August 17, 2023. The FEC now moves to dismiss under Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6), arguing that Plaintiff's three-sentence Complaint fails to meet the Federal Rules' minimal pleading requirements. Mot. to Dismiss ("Mot.") at 1, ECF No. 9. Plaintiff filed a response, Resp. to Mot. ("Resp."), ECF No. 12, and Defendant replied, Reply, ECF No. 13. For the reasons discussed below, the court will GRANT the Motion and DISMISS this action.

The FEC is an independent agency with statutory authority over the administration, interpretation, and civil enforcement of the Federal Election Campaign Act, 52 U.S.C. § 30101 *et seq.*, the Presidential Election Campaign Fund Act, 26 U.S.C. § 9001 *et seq.*, and the Presidential Primary Matching Payment Account Act, 26 U.S.C. § 9031 *et seq.* Mot. at 2. The Presidential Election Campaign Fund Act and Presidential Primary Matching Payment Account Acts (together, "Presidential Funds Acts") establish presidential public funding programs through which eligible presidential candidates receive federal government funds to pay for certain qualifying expenses of their political campaigns. *Id.*

Plaintiff asserts that she is running for President of the United States in the 2024 election. Compl. at 3, ECF No. 7.[1] She claims that the FEC "is discriminating against me by not providing me a salary, expenses for a car, wardrobe, etc." *Id.* She seeks damages and injunctive relief including "$10,000 monthly before taxes," $40,000 to purchase a car, an additional $10,000 a month for campaign expenses, $10,000 for wardrobe expenses, and access to the White House for Plaintiff and her transition team. *Id.* The Complaint does not identify a legal basis for the claim, but the information sheet submitted with the Complaint indicates this action is one for employment discrimination. *Id.* at 6.

While the court recognizes that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citation and alterations omitted). The court "need not assume the role of the pro se plaintiff's advocate." *Mehrbach v. Citibank, N.A.*, 316 F. Supp. 3d 264, 268 (D.D.C. 2018). And dismissal under Rule 8(a) is appropriate where the complaint is "unclear" or fails to "give the defendants fair notice of the claims against them." *Caldwell v. Argosy Univ.*, 797 F. Supp. 2d 25, 28 (D.D.C. 2011) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 670 (D.C. Cir. 2004)).

---

[1] The record of Plaintiff's Superior Court filings is a combined ECF entry of "Process, Pleadings & Orders Received in *Jones v. FEC*, Case No. 2023-CAB-4078 (D.C. Sup. Ct.)," and citations to the Complaint therefore refer to the electronically generated page numbers assigned by ECF.

Plaintiff has failed to meet the requirements of Rule 8(a). She has not alleged that she is an FEC employee and therefore has not stated any facts upon which an employment discrimination suit could rest. Her Response instead suggests that the FEC "must help candidates (people) running for office with financial support, guidance on how to run a campaign and access to the White House." Resp. at 1. While that statement appears to reference the FEC's obligations under the Presidential Funds Acts, Plaintiff has not identified any provision of those acts the FEC violated, how the FEC violated them, or the grounds upon which this court's jurisdiction would rest. For example, Plaintiff has not alleged that she satisfies the criteria to receive funds under either of the Presidential Funds Acts. *See, e.g.*, *Comm. to Elect Lyndon La Rouche v. Fed. Election Comm'n*, 613 F.2d 834, 845–49 (D.C. Cir. 1979) (affirming FEC's denial of a candidate's application for matching funds under the Presidential Primary Matching Payment Account Act "inasmuch as his threshold submissions fell far short of the documentation required to establish his eligibility").

Even under the most expansive reading of the Complaint, the court is unable to discern a factual or legal basis for a viable cause of action. Because Plaintiff's Complaint is devoid of factual allegations and fails to identify an applicable statute or other information sufficient to decipher a viable cause of action, it does not comply with Rule 8(a). Accordingly, the court will GRANT Defendant's Motion and DISMISS this case. A separate order will accompany this Memorandum Opinion.

Date: September 29, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge